UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIONNA R. CHOYCE,<br><br>            Plaintiff,<br><br>      v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | Case No.  1:24-cv-00529-HBK<br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 13) |

Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint. (Doc. No. 13, "Motion"). Plaintiff is seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income under the Social Security Act. (Doc. No. 1). For the reasons set forth more fully below, the Court grants Defendant's unopposed Motion to Dismiss and dismisses the case with prejudice.

**I. BACKGROUND**

On July 12, 2023, the Administrative Law Judge (ALJ) issued a decision denying Plaintiff's application for supplemental security income under Title XVI of the Social Security Act. (Doc. No. 13-2). On February 12, 2024, the Appeals Council denied Plaintiff's request to

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

1  review of the ALJ's decision.  (Doc. No. 13-3).  Notice of the Appeals Council's decision was
2  sent to Plaintiff and her representative and notified Plaintiff of the right to commence a civil
3  action within 60 days from the date of receipt.  (Doc. No. 13-3; Doc. No. 13-1 at 3, ¶(3)(a)).  On
4  May 6, 2024, Plaintiff, proceeding through counsel, filed a Complaint in this Court seeking
5  judicial review of a final decision of the Commissioner of Social Security denying his application
6  for supplemental security income under the Social Security Act.  (Doc. No. 1).  On September 20,
7  2024, Defendant filed a Motion to Dismiss the Complaint as untimely.  (Doc. No. 13).  After no
8  response was filed within the 14-day deadline provided in the Court's Scheduling Order (Doc.
9  No. 7 at 2, ¶6), Plaintiff was ordered to respond to the Motion no later than  October 29, 2024.
10 (Doc. No. 14).  No response has been filed and the deadline has passed.  (*See* docket).  Thus, per
11 the Court's Order, Plaintiff's lack of response is construed as a non-opposition to the Motion.
12 (Doc. No. 14).

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief).  A statute of limitations defense may be raised in a motion to dismiss under Rule 12(b)(6) and a claim may be dismissed as untimely "when the running of the statute is apparent from the face of the complaint." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

## III. ANALYSIS

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of a final decision of the Social Security Administration by filing a civil action commenced 60 days after the mailing of such a decision.  It is presumed the claimant receives the notice five days after the date on the notice, unless "there is a reasonable showing otherwise." 20 C.F.R. § 422.210(c) ("the time may

be extended by the Appeals Council upon a showing of good cause."). The 60-day period to file a civil action is not jurisdictional; instead, the limit constitutes a statute of limitations. *Vernon*, 811 F.2d at 1277. As set forth in Section 405(g), the time limitation "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.").

Defendant argues Plaintiff failed to file her civil action within the statutory deadline and therefore the Complaint must be dismissed as untimely. (Doc. No. 13 at 5). The Court agrees. The Notice of the Appeals Council decision was mailed to Plaintiff and her representative on February 12, 2024. (Doc. No. 13-3). It is presumed that Plaintiff received the notice on February 17, 2024. *See* 20 C.F.R. § 422.210(c). The Notice included direction to Plaintiff, pursuant to 42 U.S.C. § 405(g), that she had 60 days after this date to seek judicial review of the Commissioner's final decision. (*Id*.). Thus, the deadline for Plaintiff to file a civil action in this Court was April 17, 2024. Plaintiff's Complaint was filed on May 6, 2024, 19 days past the deadline. (Doc. No. 1; Doc. No. 13 at 5). As noted above, Plaintiff's failure to respond is construed as a non-opposition to dismissal of the Complaint as untimely. (Doc. No. 14).

While the 60-day statute of limitations must be strictly construed, it is subject to equitable tolling. *Bowen*, 476 U.S. 479-80 (1986); *Vernon*, 811 F.2d 1274, 1277-78. A plaintiff may be entitled to equitable tolling of the sixty-day deadline where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480. In seeking equitable tolling, the plaintiff "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, there is no evidence that Plaintiff requested an extension of the deadline. Plaintiff did not file a response to the Motion and therefore offers no argument that the doctrine of equitable tolling applies. Moreover, there are no factual allegations demonstrate equitable tolling on the face of the Complaint.

Based on the foregoing, the Court finds the Complaint was not timely filed, and Plaintiff has provided no basis to apply equitable tolling.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. No. 13) is GRANTED.
2. The case is dismissed with prejudice.
3. The Clerk of Court shall enter judgment and close this case.

Dated: October 31, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE